UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHELLEE J. HALL, )<br>       )<br>           Plaintiff   )<br>       )<br>    vs.            )   CAUSE NO. 3:04-CV-259 RM<br>       )<br>FOREST RIVER, INC., )<br>       )<br>           Defendant )| |

OPINION and ORDER

Defendant Forest River, Inc. seeks summary judgment on plaintiff Shellee Hall's failure to promote claim, the only claim at issue pursuant to a bifurcation order limiting the summary judgment motion to whether Ms. Hall timely filed her underlying discrimination charge with the Equal Employment Opportunity Commission. Ms. Hall filed her charge of discrimination with the EEOC on July 31, 2003. For that charge to have been timely filed, her action must have accrued on or after October 4, 2002. Forest River argues Ms. Hall's failure to promote claim accrued, at the latest, when it filled the auditor position on August 26, 2002. Ms. Hall says she applied for the position in October and learned on November 4 that Forest River rejected her application. To support this assertion, Ms. Hall points to her EEOC charge, deposition, and affidavit.

Forest River dismisses Ms. Hall's submissions as self-serving and false, but its argument ultimately asks the court to weigh the evidence in Forest River's favor. In so arguing, Forest River asks the court to exceed its proper role on a summary judgment motion: a summary judgment court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003). Rather, a court must review "the evidence as a jury might, construing the record in the light most favorable to the nonmovant and avoid[] the temptation to decide which party's version of the facts is more likely true."

Id.

A jury that hears and believes Ms. Hall's deposition testimony would find her charge timely. The court's inquiry stops there; whether a jury is likely to believe that testimony in light of Forest River's evidence to the contrary is the stuff of settlement conferences and trials, not summary judgment rulings.

The court DENIES Forest River's motion for partial summary judgement on the timeliness of Ms. Hall's failure to promote claim [Doc. No. 18], and DENIES the Ms. Hall's request for oral argument as moot [Doc. No. 22].

SO ORDERED.

ENTERED:   May 31, 2005


　　　　　　　　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　　　　　 Chief Judge
　　　　　　　　　　　　　　　　　　　　　　 United States District Court