UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHELLEE J. HALL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:04-CV-259 RM |
| ) | |
| FOREST RIVER, INC., ) | |
| ) | |
| Defendant ) | |

OPINION and ORDER

This matter comes before the court on Shellee Hall's motion for sanctions arising from Forest River's emergency motion to compel, which was argued before the court on January 19, 2006. Ms. Hall argues that the presumption to award fees under FED. R. CIV. P. 37(a)(4)(B) cannot be overcome because Forest River's conduct was not substantially justified. Forest River responds that even if its conduct was substantially unjustified, which it argues it was, awarding sanctions in this case would be unjust.

FED. R. CIV. P. 37(a)(4)(B) provides:

> the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Forest River's motion to compel was not substantially justified. The January 19 situation didn't warrant Forest River contacting this court for an emergency hearing, and the court anticipates that counsel will be able to settle any similar

future scenarios. Still, because of the minimal time the parties spent on this issue and there is no history of similar conduct in this case, an award of expenses at this time would be unjust.

The court DENIES the motion for sanctions [Doc. No. 40].

SO ORDERED.

ENTERED:   April 17, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court