UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHELLEE J. HALL, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )   CAUSE NO. 3:04-CV-259 RM |
| | ) |
| FOREST RIVER, INC., | ) |
| | ) |
| Defendant | ) |

OPINION and ORDER

Before the court is Forest River's motion for summary judgment on all claims brought by Ms. Shellee Hall and a motion to exclude Ms. Hall's expert witnesses. For the following reasons, the court denies in part and grants in part the defendant's summary judgment motion and reserves ruling on the defendant's motion to exclude.

Forest River dedicates nearly five pages of its memorandum in support of summary judgment to arguing Ms. Hall's failure to promote claim is untimely — an issue already resolved by the court's May 31 Opinion and Order. There is no pending motion under Rule 60(b) to reconsider this issue, and even there were, "[t]he doctrine of law of the case precludes reexamining a previous ruling (unless by a higher court) in the same case unless it was manifestly erroneous." Starcon Int., Inc. v. National Labor Relations Board, 450 F.3d 276, 278 (7th Cir. 2006). There has been no showing that the ruling on the issue of timeliness was manifestly erroneous, so the court shall not revisit the issue.

Forest River also argues summary judgment is proper on Ms. Hall's failure to promote claim, retaliation claim, and constructive discharge claim because she has not met her burden to show any existence of a genuine issue of material fact. Pursuant to Rule 56, summary judgment is proper only when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); *see also* East-Miller v. Lake County Highway Dept., 421 F.3d 558, 561 (7th Cir. 2005).

Forest River's memorandum relies heavily on what it characterizes as Ms. Hall's lack of credibility. Forest River asserts that contrary to the court's May 31 Order, Boyd v. Wexler, 275 F.3d 645 (7th Cir. 2001), allows the court to weigh Ms. Hall's credibility in light of what Forest River characterizes as overwhelming evidence contracting her version of events. Boyd, however, does not allow a court to weigh the credibility of witnesses at the summary judgment stage; Boyd affirms that circumstantial evidence may create a genuine issue of fact as to credibility that must be resolved by a factfinder and not a court considering summary judgment. Boyd v. Wexler, 275 F.3d at 645-647 ("The issue is credibility, the truthfulness of the affidavit; [the defendant] might think he reviewed the two plaintiffs' files carefully yet be mistaken. Circumstantial evidence can create an

2

issue of credibility . . . [and a] reasonable jury could infer from the evidence as we have summarized it that the defendant violated the [statute, and thus lose at trial].") As stated in the May31 Opinion and Order, "a summary judgment court 'may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.' Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003)." May 31 Opinion and Order at 1.

The record contains ample evidence, in the form of Ms. Hall's affidavit and deposition testimony, upon which a reasonable jury could find in Ms. Hall's favor on her discrimination and retaliation claims. Summary judgment must be denied on these claims.

The record does not support allowing Ms. Hall to proceed with her constructive discharge claim. "The term 'constructive discharge' refers to the situation in which an employee is not fired but quits, but in circumstances in which the working conditions have made remaining with this employer simply intolerable." Lindale v. Tokheim Corp., 145 F.3d 953, 955 (7th Cir. 1998) Ms. Hall advances no argument or evidence that her then-current work conditions had become intolerable nor that her then-current job as inspector was even as risk. Ms. Hall's sole argument advancing this claim is that after she learned she had been passed over for the Auditor position, she "reasonably believed that she had no further options except to terminate her employment, as Defendant had made clear that she would never be promoted within the QC department due to her gender." Plaintiff's Opp. Memo. at 19. This argument has explicitly been rejected

3

as grounds for a constructive discharge claim, Lindale v. Tokheim Corp., 145 F.3d at 956 ("There was no constructive discharge in this case . . . because . . . a reasonable employee would not have considered a failure to be promoted an event that made her working conditions intolerable."), and it cannot provide the sole basis to allow Ms. Hall to proceed to trial on this claim.

The defendant's motion for summary judgment is DENIED with respect to the plaintiff's sex discrimination and retaliation claims and GRANTED with respect to her constructive discharge claim [Doc. No. 50]. Because the motion to exclude experts did not impact the outcome of the motion for summary judgment, the court reserves ruling on it until it becomes appropriate to do so [Doc. No. 49].

SO ORDERED.

ENTERED:   September 6, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court