```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF INDIANA
                  SOUTH BEND DIVISION
```

SHELLEE J. HALL,                )
                Plaintiff     )
                              )
    v.                          )   CAUSE NO. 3:04-CV-259 RM
                              )
FOREST RIVER, INC.,             )
                Defendant     )

## OPINION and ORDER

On July 30, 2007, the plaintiff filed a motion for limited discovery of the legal services that are the subject of defendant's motion for sanctions, and a motion for extension of time to and including October 24 within which to respond to the defendant's request for fees. To respond effectively to the sanctions motion, the plaintiff requests discovery of all time records for legal services performed by the defendant's counsel for this litigation since the September 19, 2006 pre-trial conference through June 10, as well as all records relating to the payment of legal services performed in this litigation since the date of the pre-trial conference. The requested extension of time to respond to the request for fees is premised on the granting of this limited discovery.

The advisory committee's notes to Federal Rule of Civil Procedure 11 specifically attempt to curb satellite litigation over sanctions by limiting "the scope of sanction proceedings to the record" and allowing discovery "only in extraordinary circumstances". Courts, therefore, rarely grant discovery requests

relating to motions for sanctions. When no extraordinary circumstances exist the court is fully capable of determining a reasonable fee award based upon the expenses documentation submitted. <u>Electro Wire, Inc. v. Times Fiber Communications, Inc.</u> 1986 WL 13531, *2 (N.D. Ill. Nov. 24, 1986).  Merely listing documents that the plaintiff would like to review doesn't demonstrate extraordinary circumstances and is insufficient to allow for discovery on a sanctions motion. *See* <u>Contract Materials Processing, Inc. v. Kataleuna GMBH Catalysts</u>, 222 F.Supp.2d 733, 744 (D. Md. 2002) ("CMP fails to explain why the summaries provided by defendants are not sufficient. Moreover, CMP fails to explain the relevance of many of the documents it wishes to examine…This conclusory assertion is scant support for permitting the sort of satellite litigation CMP is angling for in its request that it be permitted to take discovery as to the motion for attorney's fees."). The plaintiff asserts that several fee requests made by Forest River's counsel appear to be excessive, but doesn't explain why raising those concerns to the court are insufficient or what more would be gained from the discovery requested.

Since the plaintiff has not shown that extraordinary circumstances are present, the court denies the plaintiff's supplemental motion for limited discovery (Doc. No. 158) and supplemental motion for extension of time (Doc. No. 159).  The court affords the plaintiff to and including September 4, 2007 within which to object to the fees and expenses requested by the defendant.

SO ORDERED.

ENTERED:   August 15, 2007

                                                /s/ Robert L. Miller, Jr.
                                              Chief Judge
                                              United States District Court