UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHELLEE J. HALL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:04-CV-259-RM |
| ) | |
| FOREST RIVER, INC., ) | |
| ) | |
| Defendant ) | |

MEMORANDUM AND ORDER

This cause is before the court on defendant Forest River's motion for bill of costs pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 U.S.C. § 1920, and the verified declaration of its counsel [ Doc. No. 141], Jeanine Gozdecki. Plaintiff Shellee Hall filed her objection to certain costs, and Forest River filed its reply. The Clerk of the Court ordered costs taxed in this matter in the amount of $10,570.62.

Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 allow a prevailing party to recover costs incurred for, among others: fees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; and fees for exemplification and copies of papers necessarily obtained for use in the case. Rule 54(d) creates a presumption that the prevailing party will be awarded costs and the presumption is difficult to overcome. Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 221-222

(7th Cir. 1988). The clerk normally handles the taxing of routine costs, but the court may adjust the award for good reason. Id. (listing misconduct of the prevailing party worthy of a penalty such as calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings, as examples of good reason to adjust the taxation of costs).

Forest River has presented a bill of costs that includes costs for photocopying of records and exhibits necessary for use in the case, transcription fees for depositions, transcription fees for trial transcripts, and witness fees for deposition and trial. Ms. Hall, citing no authority to support her argument, objects to copies of medical records in the amount of $498.02 and depositions of various physicians and therapists, on the grounds that they weren't reasonably necessary to Forest River's defense since they relate to evidence of Ms. Hall's worker's compensation claim, and such evidence was excluded from admission at trial.

Introduction of a deposition at trial is not a prerequisite to taxability in a federal court. Mother and Father v. Cassidy, 338 F.3d 704, 712 (7th Cir. 2003). The determination of necessity under 28 U.S.C. § 1920 is made in light of the facts known at the time of the deposition, without regard to intervening developments that render the deposition unnecessary. Id. Similarly, copies need not have been obtained solely for use at trial for them to be taxable as costs. *See*, Robinson v. Burlington N. R.R. Co., 963 F.Supp. 691, 693 (N.D. Ill 1997) (Copies attributable to discovery normally are considered necessary under 28 U.S.C. § 1920(4).)

Ms. Hall raised the issue of her medical condition both in her identification

of expert and trial witnesses and in her claim for compensatory damages for emotional injuries. Ms. Hall listed Dr. Koronkiewicz, Dr. Javors, and Dr. Stanton-Hicks as trial witnesses. In various pleadings and disclosures, Ms. Hall indicated her intention to present evidence of her physical and emotional injuries at trial. Forest River had a duty to investigate such claims by obtaining copies of her medical records and by taking the depositions of her treating physicians and therapists. Forest River couldn't have known during trial preparation that the court eventually would exclude evidence of Ms. Hall's worker's compensation claim, so when Forest River obtained the copies and transcripts of deposition testimony, it had a reasonable belief in the necessity of such information.

As a result, the Court finds no basis to reduce the taxation of costs granted by the clerk, and so affirms the taxation of costs against Shellee Hall in the amount of $10,570.62 and ORDERS Shellee Hall to pay the amount within thirty days of this order.

SO ORDERED.

ENTERED:  April 15, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court