UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHELLEE J. HALL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CV-259-RM |
| | ) | |
| FOREST RIVER, INC., | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM AND ORDER

This cause is before the court on Defendant Forest River, Inc.'s motion to establish award of attorney fees and expenses under this court's award of sanctions against plaintiff Shellee J. Hall's, counsel, Patrick O'Leary, pursuant to 28 U.S.C. § 1927. Mr. O'Leary has objected to certain portions of Forest River's requested costs and attorney fees. The parties have fully briefed the issue and supplied the court with memoranda of law and supporting documentation.[1] Mr. O'Leary requested a hearing in this matter, but the court has sufficient information before it in the parties' submissions, and from knowledge gained throughout the course of this case, to rule without oral presentation.

---

[1] Mr. O'Leary also filed a response to Forest River's reply. Despite Mr. O'Leary's attempt to classify the brief as something else, it is in essence a surreply. Local Rule 7.1(a) permits an adverse party to file a response to a motion and the moving party to file a reply. The rule makes no allowance for the adverse party to file a surreply, and Mr. O'Leary didn't request the court's permission to do so. This Court generally doesn't permit litigants to file a surreply brief. See Runkle v. U.S., 1995 WL 452975, at *1 (May 9, 1995). A surreply brief occasionally is allowed when it raises or responds to some new issue or development in the law. Id. Mr. O'Leary's surreply neither raises nor responds to new issues or legal developments, so the surreply was improperly filed and the court will disregard it. In any event, the surreply added nothing to Mr. O'Leary's previous response brief except to try to bolster Edward Chester as an authority on attorney fees.

I. FEE PETITION

On July 5, 2007, this court granted Forest River's motion for sanctions pursuant to 28 U.S.C. § 1927. The court based its decision on a finding that Mr. O'Leary acted in objective bad faith in his opening statement and vexatiously multiplied the proceedings by making it necessary for Forest River to prepare a second time for trial – preparation that would have been unnecessary but for the mistrial in the first trial. Forest River seeks fees in the amount of $67,069.96.

District courts have discretion in determining the amount of a fee award, Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Gekas v. Attorney Registration and Disciplinary Commission, 793 F.2d 846, 851 (7th Cir. 1986), but clear guidelines have been developed to aid courts in calculating the amount of those fees. People Who Care v. Rockford Board of Education, School District 205, 90 F.3d 1307, 1310 (7th Cir. 1996). Determination begins with calculation of the lodestar amount. Mathur v. Board of Trustees of Southern Ill. Univ., 317 F.3d 738, 742 (7th Cir. 2003). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. at 433. The applicant bears the burden of establishing the appropriate hours expended and hourly rates, and should exercise "billing judgment" with respect to hours worked. Hensley v. Eckerhart, 461 U.S. at 437.

*A. Reasonable Hourly Rates*

A reasonable hourly rate should reflect the market rate for the attorney's services. Rice v. Sunrise Express, Inc., 237 F.Supp.2d 962, 972 (N.D. Ind. 2002) (quoting People Who Care v. Rockford Board of Education, School District 205, 90 F.3d at 1310). The burden of proving the market rate rests on the fee applicant. Rice v. Sunrise Express, Inc., 237 F.Supp.2d at 972 (quoting Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 555 (7th Cir. 1999)). The attorney's actual billing rate is presumptively appropriate to use as the market rate. People Who Care v. Rockford Board of Education, School District 205, 90 F.3d at 1310 (citing Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir. 1993)). Once the attorney provides evidence establishing his market rate, the burden shifts to the challenger to demonstrate why a lower rate should be awarded. Rice v. Sunrise Express, Inc., 237 F.Supp.2d at 972 (quoting Spegon v. Catholic Bishop of Chicago, 175 F.3d at 555.) A challenger's failure to present any evidence challenging the fee applicant's hourly rate "is essentially a concession that the attorney's billing rate is reasonable and should be awarded." People Who Care v. Rockford Board of Education, School District 205, 90 F.3d at 1313.

As evidence of its reasonable hourly rates, Forest River presented the affidavit of its counsel, Jeanine M. Gozdecki attesting to the hourly rates charged by each of the attorneys working on the case.[2] The affidavit sets out the following

---

[2] The Gusman approach, which presumes an attorney's actual market rate to be an appropriate reflection of the market rate, requires an attorney to do more than merely request an hourly rate. People Who Care v. Rockford Board of Education, School District 205, 90 F.3d

3

hourly rates:

| | | |
|---|---|---|
| 1. | Sarah Q. Kuhny, a first year associate with extensive experience as a paralegal prior to graduation from law school in 2006. | $150 per hour reduced from $195. |
| 2. | Kate Mueller, an associate who graduated from law school in 2004. | $200 per hour |
| 3. | Michael P. Palmer, a partner in the firm since 1997 with ten years of practice. | $255 per hour |
| 4. | Jeanine M. Gozdecki, a partner in the firm since 2000 with 15 years of practice. | $320 per hour |

Mr. O'Leary doesn't contest the hourly rates requested by Forest River in his response to defendant's fee request. Mr. O'Leary also presented the affidavit of Edward J. Chester in support of his response brief. Mr. Chester, although never explicitly questioning the reasonableness of the hourly rates requested by Forest River's attorneys, states his opinion that the "fair and reasonable billing rate" should be $275 per hour. Mr. Chester's affidavit provides no basis for arriving at this hourly rate and does not appear to take into account Forest River's use of multiple attorneys of various skill and experience levels in its preparation for trial.

---

at 1311. An attorney must present evidence to establish that the requested rate is his actual billing rate. Id. This evidence might include a small sample of hours billed to other clients; evidence of fee awards received in similar cases, billing rates of other attorneys in the same firm, affidavits of other local practitioners who verify that the rates charged are within the applicable market rate for the area. See Id. at 1311-1312; Rice v. Sunrise Express, Inc., 237 F.Supp.2d at 972.

The only affidavit Forest River submitted is precipitously close to being insufficient. See Stark v. PPM America, Inc., 354 F.3d 666, 674-675 (7th Cir. 2004) (recognizing district judge's identical comments where defendants presented only affidavits of attorneys in the law firms involved in the case regarding their rates). Forest River's request is saved by Mr. O'Leary's failure to present adequate rebuttal evidence contesting the hourly rates and the court's own finding that the hourly rates are consistent with prevailing market rates in the community for attorneys with similar skill and experience.

4

Such a challenge effectively amounts to no rebuttal of the reasonableness of Forest River's hourly rates. Further, the court's review of the hourly rates charged by Forest River's counsel indicates they are consistent with the prevailing market rates in the community for work done by attorneys of similar experience. The court accepts these rates as reasonable hourly rates for the attorneys working on Forest River's case.

*B. Reasonable Hours Expended*

The court must exclude from the fee applicant's request hours that were not reasonably expended on ths case, and hours an attorney would not properly bill to his client in the private sector cannot properly be billed to an adverse party as sanctions. Hensley v. Eckerhart, 461 U.S. at 434. The applicant's counsel should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice is obligated ethically to exclude such hours from his fee submission. Id. A fee applicant bears the burden of establishing the appropriate hours expended and should maintain billing time records in a manner that will enable the reviewing court to identify distinct elements. Id. at 437. The applicant's counsel "is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." Id. at 437, n.12. A district judge may reduce the hours requested where many entries on the fee request are particularly vague. *See* Stark v. PPM

5

America, Inc., 354 F.3d at 674.

Forest River's lead counsel represents that Forest River doesn't seek reimbursement for hours that would be duplicative or unnecessary and that counsel has voluntarily reduced the actual number of hours worked on Forest River's behalf. An award of only the excess costs, expenses, and attorneys' fees reasonably incurred because of an opposing party's unreasonable and vexatious multiplication of proceedings is authorized by 28 U.S.C. § 1927. Accordingly, the court's order limits Forest River to recovery of fees and expenses incurred between March 20, 2007 (the date of the mistrial) and June 11, 2007 (when the retrial began).

Mr. O'Leary argues that Forest River improperly "lumps" several tasks into a single entry without specifying the amount of time spent on each task making the task of verifying the reasonableness of the billings impossible. Mr. O'Leary cites non-binding authority to support his argument. *See* In re Sealed Case, 890 F.2d 451, 455 (D.C. Cir. 1989); Guidry v. Clare, 442 F.Supp.2d 282, 294-295 (E.D. Va. 2006). In Guidry, the court awarded sanctions based on a finding of frivolousness of eight of the plaintiff's ten claims. The court reduced the requested fee award because the lumping of several tasks into a single block of time made it impossible to determine what amount of time counsel expended defending frivolous versus non-frivolous claims. Guidry v. Clare, 442 F.Supp.2d at 295. In In re Sealed Case, the court didn't address the issue of lumping tasks together, but commented that a lack of adequate description of the legal work performed

6

made it impossible for the court to verify the billings' reasonableness. 890 F.2d at 455. The court noted as an example numerous entries of "telephone call[s]" with no further specification of the subject matter. Id. In both cases, the courts reduced the total fee award in light of the insufficiency of the billing records. The Seventh Circuit refers to the procedure of "lumping" multiple tasks into a single time entry as "block billing". *See* Farfaras v. Citizens Bank and Trust of Chicago, 433 F.3d 558, 569 (7th Cir. 2006). While such block billing doesn't provide the best possible description of attorneys' fees, it is not prohibited practice. Id.

Forest River has presented the affidavit of its lead counsel summarizing the time spent by its team of attorneys on this case by day. Depending upon the amount of time spent in any particular day on the case, the entries range from single tasks taking less than an hour to a multitude of tasks representing an entire day of work on the case. As the case neared retrial, these full-day entries become the norm. Forest River's counsel provide very detailed descriptions of the legal work performed, including participants and subject matter, even if they didn't detail the time spent on each task. Therefore, while the summaries of billable hours may not be the best possible description of Forest River's attorneys' fees, they suffice to allow the court to review the records to determine whether they include excessive, redundant or otherwise unnecessary hours.

Mr. O'Leary also raises specific objections to the hours expended by Forest River's counsel that can be divided into the following categories, each of which will be considered separately: 1) entries relating to Jeff Rowe; 2) entries relating to the

7

opening statement; 3) entries relating to voir dire; 4) entries relating to trial strategy; and 5) entries relating to witness preparation. The essence of Mr. O'Leary's argument is that, having prepared once for the trial, Forest River should have incurred minimal expense in preparing for the retrial since most of its previous work would simply carry over. Forest River's counsel counters that Mr. O'Leary underestimates the preparation required for the retrial in light of the significant changes in their case strategy following the mistrial and the need to re-prepare witnesses to testify at the retrial.

*1. Entries Relating to Jeff Rowe*

Mr. O'Leary contends that Forest River spent too many hours to re-prepare Jeff Rowe for the retrial. Mr. O'Leary argues that entries referencing Jeff Rowe total $33,387.50, although lumping precludes an exact figure.[3] Forest River counters that Mr. Rowe served as Forest River's primary representative for the trial and so participated in much of the trial preparation aside from his own witness preparation. Indeed, many entries involving Jeff Rowe are characterized as discussions, conferences and updates in addition to specific references to his preparation as a witness. An attorney is expected to consult with her client in preparation of trial, and it appears clear from the billing records and from Forest

---

[3] Throughout his response, Mr. O'Leary puts dollar amounts to his specific objections that likely don't accurately reflect the actual fees Forest River incurred in those specific tasks. This is due as much to Forest River's daily summaries of tasks rather than specific task by task entries as it is to Mr. O'Leary's over-estimations.

8

River's briefs that Mr. Rowe served as Forest River's representative to counsel. The court finds no merit in Mr. O'Leary's objections with respect to entries regarding Mr. Rowe.

*2. Entries Relating to the Opening Statement*

Mr. O'Leary objects to Forest River's request for $8,287.00 to prepare its opening statement for the second trial. Mr. O'Leary argues that Forest River's counsel presented essentially the same opening statement as at the first trial. Forest River counters that it spent a great deal of time re-preparing video clips used in the opening statement and testing the recordings at the courthouse to avoid technical difficulties encountered in the first trial. Forest River also argues that although the two opening statements were similar, counsel nonetheless had to spend time re-familiarizing herself with the case, revising the opening statement, and reviewing it prior to trial.

Mr. O'Leary's actions, and the court's resulting rulings, necessarily forced Forest River to reconsider every aspect of its case before the second trial. This included not only reviewing and adapting the opening statement and correcting technical difficulties, but also re-preparing oneself to deliver the statement at trial. The court finds unpersuasive Mr. O'Leary's objection to the time spent re-preparing the opening statement for the second trial.

*3. Entries Relating to Voir Dire*

Mr. O'Leary next objects to Forest River's request for $1,035 for preparation of 15 minutes of voir dire questioning at the second trial. Mr. O'Leary further objects to time spent preparing exhibit binders for the second trial when Forest River simply could have used its exhibits from the first trial. Forest River responds that the second trial required preparation to question an entirely new jury pool and that it spent necessary time rechecking the exhibit binders and preparing for the possibility of the need to redact certain information from exhibits at trial.

Forest River wouldn't have needed to prepare for a second trial at all but for Mr. O'Leary's causing a mistrial of the first. With regard to voir dire, the court disagrees with the suggestion that an attorney need spend but little time preparing to question an entirely new jury pool empaneled for the second trial. Nor does the court see anything improper about the time spent re-preparing the exhibit binders. Therefore, the court finds no merit in Mr. O'Leary's objections to entries regarding voir dire.

*4. Entries Relating to Trial Strategy*

Mr. O'Leary objects to Forest River's request for $10,656 for work relating to trial strategy. On May 29, 2007, Ms. Gozdecki has an entry for a "lengthy conference with client regarding trial preparation" and Mr. Palmer has an entry for "[w]ork with Jeff Rowe to prepare for trial preparation." Mr. O'Leary contends that the two entries represent an attempt to seek reimbursement for sessions with

the same person at the same time.

Ms. Gozdecki's entry doesn't detail whom is meant by the term "client", and both entries include other activities making up the total number of hours. Thus, there is no apparent conflict in time billed. The court finds no merit in Mr. O'Leary's general objection to time billed for trial strategy; Forest River's need to rethink trial strategy is the direct result of Mr. O'Leary's own conduct resulting in the mistrial of the first trial.

### 5. Entries Relating to Witness Preparation.

Finally, Mr. O'Leary objects to Forest River's request for $9,850 for witness preparation. Mr. O'Leary objects to time spent re-preparing witness outlines and re-preparing witnesses to testify. Forest River counters that the court's order *in limine* following the first trial changed the scope of the examination of witnesses and that witnesses shouldn't be expected to simply remember their preparation from the first trial.

Many witnesses have little or no prior experience serving as a witness. An attorney does well to prepare her witnesses extensively for trial, especially for examination by opposing counsel. In addition, as Forest River points out, the circumstances surrounding the mistrial and subsequent need of some witnesses to testify a second time only adds to the anxiety of a potential witness and increases the need to prepare him or her for trial. The court finds no merit to Mr. O'Leary's objection to the time spent preparing witnesses for the second trial.

11

*C. Conclusion*

Forest River requests reasonable hourly rates, and the court finds no merit in any of Mr. O'Leary's specific objections to categories of fees requested by Forest River.

The Court therefore GRANTS Defendant's Motion to Establish Award of Attorney's Fees and Expenses (Doc. No. 153) and ORDERS Plaintiff's counsel, Patrick F. O'Leary, to reimburse Forest River, Inc. within thirty days of this Order for attorney fees incurred by the company in the sum of $67,069.96. Mr. O'Leary's motion for hearing (Doc. No. 168) is DENIED.

SO ORDERED.

ENTERED: April 15, 2008

  /s/ Robert L. Miller, Jr.  
Chief Judge  
United States District Court